32 F.3d 563
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
John Ray EVANS, Defendant-Appellant.
 No. 93-5945.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 12, 1994.
Decided Aug. 9, 1994.
 
 Appeal from the United States District Court for the Western District of Virginia, at Charlottesville. James H. Michael, Jr., District Judge. (CR-90-197)
 Edward H. Childress, Charlottesville, VA
 Stephen Urban Baer, OFFICE OF THE UNITED STATES ATTORNEY, Charlottesville, VA
 W.D.Va.
 AFFIRMED.
 Before NIEMEYER, WILLIAMS and MOTZ, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 John Ray Evans pled guilty to distributing crack cocaine in violation of 21 U.S.C. Sec. 841(a)(1) (1988). The district court sentenced Evans to a term of ninety months imprisonment and five years of supervised release. Evans appeals. His attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), noting one issue but stating that, in his view, there are no meritorious issues for appeal. Evans's attorney has also requested leave to withdraw from representing Evans. Evans was notified of his right to file a supplemental brief raising any additional issues he wished to have considered, but he has failed to do so. We affirm.
 
 
 2
 At his sentencing hearing, Evans stated that he had read the presentence report and that he disagreed with the provision for a two-point reduction for acceptance of responsibility. Evans claimed that his attorney had promised that he would receive a three-point reduction. Evans then filed, among other items, a motion to withdraw his guilty plea, based on what he claimed to have been a misrepresentation by his attorney. The district court denied the motion.
 
 
 3
 Before accepting a guilty plea, the district court must address the defendant personally in open court and inform him of, and determine that he understands, the mandatory minimum penalty for his offense, if any, and the maximum possible penalty, including the effect of any special parole or supervised release term. Fed.R.Crim.P. 11(c)(1). Any variance from the procedures outlined in Rule 11 "which does not affect substantial rights shall be disregarded." Fed.R.Crim.P. 11(h). Evans admitted at his sentencing hearing that he had read, understood, and signed the plea agreement; his only objection to the plea agreement was the one point difference on the adjustment for acceptance of responsibility. We have reviewed the transcript of the sentencing hearing and conclude that the district court complied with Rule 11. Any variation from the requirements of Rule 11 which may have occurred was harmless error. Fed.R.Crim.P. 11(h); United States v. DeFusco, 949 F.2d 114, 117 (4th Cir.1991), cert. denied, 60 U.S.L.W. 3717 (U.S.1992).
 
 
 4
 The district court also properly denied Evans's motion to withdraw his plea. Withdrawal of a guilty plea is not a matter of right. United States v. Ewing, 957 F.2d 115, 119 (4th Cir.), cert. denied, 60 U.S.L.W. 3859 (U.S.1992). The decision whether to grant the motion for withdrawal is committed to the district court's discretion. United States v. Moore, 931 F.2d 245, 248 (4th Cir.), cert. denied, 60 U.S.L.W. 3261 (U.S.1991). The defendant has the burden of showing a "fair and just" reason for the withdrawal, even if the Government has not shown it would be prejudiced by withdrawal. Fed.R.Crim.P. 32(d); United States v. Lambey, 974 F.2d 1389, 1393 (4th Cir.1992) (en banc); United States v. Moore, 931 F.2d at 248. Factors relevant to a showing of a fair and just reason include: (1) whether the defendant had close assistance of competent counsel; (2) whether he credibly asserts his innocence; (3) the extent of delay between the guilty plea and the motion to withdraw it; and (4) whether withdrawal at the time attempted would prejudice the government or waste judicial resources. United States v. Craig, 985 F.2d 175, 178 (4th Cir.1993). Evans's only basis for withdrawing his plea was his claim that his attorney lied to him and misled him to believe that by pleading guilty he would receive a three-point reduction for acceptance of responsibility. The record demonstrates that Evans, while out on bond, absconded and was not apprehended until eight months later, when he was arrested in Massachusetts on another drug charge. Under these circumstances the fact that his attorney obtained any reduction for acceptance of responsibility belies a claim that Evans was denied "close assistance of competent counsel."*
 
 
 5
 To the extent that Evans raises a claim of ineffective assistance of counsel, he must do so under 28 U.S.C. Sec. 2255 (1988) in the district court, and not on direct appeal, unless it "conclusively appears" from the record that defense counsel did not provide effective representation. United States v. DeFusco, 949 F.2d 114, 120-21 (4th Cir.1991), cert. denied, 60 U.S.L.W. 3717 (U.S.1992). Because the record here fails to establish conclusively that Evans's attorney rendered ineffective assistance, Evans must bring this claim in a habeas action.
 
 
 6
 As required by Anders, we have independently reviewed the entire record and find no other meritorious issues for appeal. We therefore affirm the conviction and sentence. Pursuant to the plan adopted by the Fourth Circuit Judicial Council in implementation of the Criminal Justice Act of 1964 (18 U.S.C. Sec. 3006A (West 1985 & Supp.1994)), this court requires that counsel inform his client, in writing, of his right to petition the Supreme Court for further review. Therefore, counsel's motion to withdraw is denied. Evans's motion for appointment of new counsel is denied. If requested by his client to do so, counsel should prepare a timely petition for a writ of certiorari. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 The defendant must demonstrate by a preponderance of the evidence that he is entitled to the adjustment for acceptance of responsibility. United States v. White, 875 F.2d 427, 431 (4th Cir.1989). The district court has great discretion in applying this adjustment and is not bound by the recommendation of the presentence report. United States v. Cusack, 901 F.2d 29, 31-32 (4th Cir.1990). Aside from any alleged promise made by his attorney, Evans failed to establish that he was entitled to an extra point reduction